NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Rubin DWORKIN, d/b/a Dworkin Electroplaters, Respondent.

No. 14392.

United States Court of Appeals
Third Circuit.

Argued Oct. 15, 1963.

Decided Oct. 31, 1963.

Stuart Broad, N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N.L.R.B., on the brief), for petitioner.

Earl Jay Gratz, Philadelphia, Pa., for respondent.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

On March 27, 1962 the Board issued an order requiring the respondent to bargain collectively with the union involved as exclusive representative of his employees; to make whole the employees who were on strike for any pay loss by reason of his discrimination against them and, with reference to two employees already reinstated, to make them whole of any such losses sustained by them. The order has been complied with to the satisfaction of the Board in all respects except with reference to respondent recognizing the union as his employees' bargaining agent and bargaining collectively with it. Counsel for respondent advised us at the argument of this matter that the employer does recognize the union and has bargained with it, that no agreement was reached and that the filing of the present petition stopped, or at least suspended, the talks.

Under all of the facts, the Board is entitled to the enforcement of its order calling for respondent to formally recognize the union as bargaining agent for his employees and to bargain collectively upon request with said union i. e. United Retail and Wholesale Employees Union, Local 115, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Independent, as exclusive representative of said employees, with respect to rates of pay, hours of employment, or other conditions of employment, and, if an understanding is reached, embody such understanding in a written and signed agreement.

A form of order may be submitted.